# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karandeep Singh,<br><br>          Petitioner,<br><br>v.<br><br>Markwayne Mullin, et al.,<br><br>          Respondents. | No. CV-26-02325-PHX-KML (ASB)<br><br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under § 2241 challenging his immigration detention. In its April 7, 2026 order, the court ordered respondents to show cause ("the OSC") why the petition should not be granted. (Doc. 3.) The petition is granted, and respondents must either release petitioner from custody or provide a bond hearing within seven days.

## I.    Background

Petitioner alleges he is a native and citizen of India who entered the United States on May 27, 2023. It appears he was subsequently released pending his immigration proceedings. He applied for asylum, withholding of removal, and protection under the Convention Against Torture and "was set for hearing" before the immigration court. On February 12, 2026, he was detained by Immigration and Customs Enforcement agents during a traffic stop. He has been in custody since that time. Petitioner filed this action challenging his detention as violative of his statutory and due process rights. (Doc. 1 at 15-19.) Petitioner requests release from custody or an order directing respondents to

provide him a bond hearing.

**II.    Analysis**

Respondents maintain petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) asserting that he is an "applicant for admission" because he is "alien present in the United States who ha[s] not been admitted." (Doc. 4 at 2.) But petitioner was placed in removal proceedings under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as "[a]n alien present in the United States without having been admitted or paroled," and not as "an arriving alien" and applicant for admission under 8 U.S.C. § 1225(b). (Doc. 1-2 at 5.) The court further finds that petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). For these reasons, the petition is granted, and petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).

Accordingly,

**IT IS THEREFORE ORDERED:**

1.    Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted**.

2.    Respondents must provide petitioner a bond redetermination hearing within **seven days** or otherwise release him from custody under the same conditions that existed before his detention.

3.    Respondents must provide a notice of compliance within **three days** of releasing petitioner or providing him a bond hearing.

4.    The clerk shall enter judgment in petitioner's favor and close this case.

Dated this 20th day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 2 -